UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

------------------------------------------------------------x
:
**FISH & RICHARDSON P.C.,**           :
:
                **Plaintiff,**   :   **COMPLAINT**
:
    v.   :   Civil Action No.
:
**CAMTEK, LTD.,**   :
:
                **Defendant.**   :
:
------------------------------------------------------------x

        Plaintiff Fish & Richardson P.C., proceeding *pro se* and complaining of Defendant Camtek, Ltd, hereby alleges as follows:

### NATURE OF THE ACTION

        1.    Regrettably, this is an action by a law firm to collect substantial fees owed by a client, pursuant to a written contract between the two. The client sought representation in an action brought in this District against it by August Technology Corp. for patent infringement entitled, August Tech. Corp. v. Camtek, Ltd., Civil Action No. 05-1396 (D. Minn., filed Jul. 14, 2005) (hereinafter, the "August Tech Action"). The client then turned around and breached its contract with the firm, by refusing to compensate the firm for defending the claims interposed against it.

        2.    Defendant Camtek, Ltd. (hereinafter, "Camtek") approached Fish & Richardson P.C. (hereinafter, the "Firm") to assist it in the August Tech Action against Camtek for patent infringment. Camtek signed a Letter of Engagement with the Firm, agreeing to pay legal fees for the Firm's representation of it in the August Tech Action. Despite the Firm's best efforts, a jury verdict was issued in favor of August Tech. Thereafter, Camtek continued to

request legal services from the Firm, all the while failing to honor its commitment to pay the Firm's legal fees.

3. As such, the Firm brings this action against Camtek to recover the principal sum of $2,206,153.81, plus interest at the lawful rate of ten percent (10%) per annum, together with the costs in the action.

## THE PARTIES

4. Plaintiff Fish & Richardson P.C. was at all times germane to the allegations herein, and is, a professional corporation organized under the laws of The Commonwealth of Massachusetts, and has offices in eleven cities throughout the United States, one office located in Germany and a principal place of business at 225 Franklin Street, Boston, Massachusetts 02110.

5. Virtually all dealings between Camtek and the Firm were with the New York offices of the Firm. At all relevant times, the Firm's New York offices were and are located at 153 East 53rd Street (now, addressed as 601 Lexington Avenue), 52nd Floor, New York, NY 10022.

6. Defendant Camtek, Ltd. was at all times germane to the allegations herein, and is, a corporation organized under the laws of the State of Israel, with its principal place of business at 9102 Bldg., Industrial Zone, Migdal Haemek, 23000, 23105 Israel.

## JURISDICTION AND VENUE

7. This action is brought under the common law of the State of New York. This Court has jurisdiction over this action by virtue of 28 U.S.C. § 1332, in that Plaintiff and Defendant are citizens of different states, and the value of the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

8. Venue is predicated on 28 U.S.C. § 1391 (a)(2), in that, inter alia, the subject legal services performed by the Firm were on behalf of Defendant in the August Tech Action in this District.

## FACTS

9. Camtek is engaged in the business of, inter alia, manufacturing and offering for sale automated wafer detection inspection systems under the name "Falcon System." Through its wholly-owned subsidiary, Camtek USA, Camtek has sold the Falcon devices in the United States.

10. On or about July 14, 2005, August Tech, which is engaged in the business of making and selling automated visual inspection systems for the microelectronics industry, commenced an action against Camtek for patent infringement, pursuant to 35 U.S.C. §§ 271 and 282-285, in the United States District Court for the District of Minnesota, Civil Action No. 05-1396 (Davis, J.). As part of its claim, August Tech sought approximately $44,000,000 in relief, including $13,000,000 in damages, which August Tech sought to treble, and $5,000,000 in attorneys' fees and costs.

11. Camtek initially retained the law firm of Brown Raysman Millstein Felder & Stein, LLP to represent Camtek in the August Tech Action.

12. In or around October 2005, Camtek approached the Firm, requesting that the Firm review the issues in the August Tech Action, prepare a litigation strategy and to possibly represent Camtek in the Action.

13. On or about October 27, 2005, Camtek signed a Letter of Engagement, contracting to pay the Firm for legal services performed by the Firm on its behalf and for any out-of-pocket expenses incurred by the Firm on its behalf (hereinafter, the "Agreement").

Pursuant to the Agreement, payment of the Firm's monthly statements was due within one (1) month from the date of the statement. A copy of the Letter of Engagement is annexed hereto as Exhibit A.

14. The Agreement was entered into in the City, County and State of New York.

15. In or around December 2005, Camtek dismissed Brown Raysman and approached the Firm, requesting that the Firm represent it in the August Tech Action.

16. The Firm undertook to represent Camtek in the August Tech Action. From in or about October 2005 through and including October 2009, the Firm, pursuant to the Agreement, provided legal services and incurred out-of-pocket expenses in connection therewith on behalf of Camtek. In addition, Camtek continued to meet and communicate with representatives of the Firm in the State of New York with respect to the legal services that were being provided by the Firm.

17. The Firm experienced payment issues with Camtek in the early stages of its representation of Camtek in the August Tech Action. These issues were resolved, and Camtek paid the Firm for its services rendered by the Firm up until January 2009.

18. Throughout the course of the Firm's representation, Camtek was fully and actively involved in the litigation, and requested and/or was kept apprised of the legal services being provided by the Firm , as well as the related costs associated with those services.

19. From in or about October 2005 through and including November 2009, Camtek received monthly statements for services performed by the Firm.

20. Camtek paid the statements for legal services rendered from the time the Firm was retained by Camtek in October 2005 through December 2008.

21. The August Tech Action was tried before a jury during the period from February 2, 2009 to March 2, 2009, during which two Camtek representatives attended.

22. On or about March 5, 2009, despite the Firm's best efforts, the jury found that August Tech's '6,928 patent (the "Patent") was valid, and that Camtek had infringed the Patent (the "March 5th verdict"). As a result, the jury awarded damages to August Tech. The jury, however, found that the infringement was not willful, thereby minimizing the amount of damages awarded to August Tech.

23. The Firm received Camtek's last payment on March 5, 2009, the same day that the verdict was rendered in the August Tech Action. The invoices that were paid on March 5th were for legal services and disbursements rendered in November and December 2008.

24. After the March 5th verdict, Camtek continued to request substantial legal services from the Firm until September 2009.

25. These services included, among other things, numerous client inquiries and meetings, related research and analysis concerning the judgment and post-trial motions.

26. All of the work done by the Firm after the jury verdict was at the request and/or with the approval of Camtek.

27. Camtek, however, refused to pay the legal fees due to the Firm for legal services rendered from January 2009 through October 2009, as it was contracted to do, after the date of the jury verdict.

28. Camtek's unpaid bills now total $2,206,153.81 (hereinafter, the "Amount Due").

29. No part of the Amount Due has been paid by Camtek, despite due demand by the Firm.

## COUNT I - BREACH OF CONTRACT

30.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 29 above as if fully and completely set forth herein.

31.     Pursuant to the Agreement, Plaintiff agreed to represent Camtek in the August Tech Action. Plaintiff fully performed under the Agreement by diligently representing Camtek and performing legal services specifically requested and with the knowledge of Camtek.

32.     The Firm has not been paid by Camtek in breach of the Agreement between the Firm and Camtek.

33.     By reason of the foregoing, Camtek has breached the Agreement by failing to pay for the Firm's services and expenses as required by the Agreement.

34.     Plaintiff has thereby been damaged in the amount of $2,206,153.81, plus interest and costs.

## COUNT II - QUANTUM MERUIT

35.     Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 to 34 above as if fully and completely set forth herein.

36.     Plaintiff has rendered services and incurred expenses on behalf of Camtek having a fair and reasonable value of $2,206,153.81.

37.     The services were provided and the expenses were incurred at the request and/or with the approval of Camtek, and for the direct benefit of Camtek.

38.     Plaintiff has demanded payment for the entire Amount Due for the services rendered and expenses incurred, however, Camtek has failed to pay any of the outstanding Amount Due.

39. As a result, Camtek is liable to Plaintiff in quantum meruit in the amount of $2,206,153.81.

## COUNT III - ACCOUNT STATED

40. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 to 39 above as if fully and completely set forth herein.

41. Plaintiff duly submitted monthly statements of account to Camtek showing a final balance due of $2,206,153.81, which represents the amount remaining due for the services rendered and the expenses incurred by the Firm under the Agreement. Copies of statement summaries from February 2009 to November 2009 are annexed hereto as Exhibit B.

42. Defendant did not timely object to the accuracy or legitimacy of said statements of account. As a result, an account was taken and stated between the Firm and Camtek showing a balance of $2,206,153.81, which is due and owing from Camtek to the Firm.

43. No part of the Amount Due has been paid despite demand by the Firm.

44. As such, Camtek is liable for $2,206,153.81 based upon the account stated between the parties showing that the foregoing sum remains due and owing from Camtek to the Firm.

WHEREFORE, Plaintiff demands judgment as follows:

A. On Count I, awarding damages in the amount of $2,206,153.81 plus interest at the lawful rate of ten percent (10%) per annum;

B. On Count II, awarding damages in the amount of $2,206,153.81 plus interest at the lawful rate of ten percent (10%) per annum;

C. On Count III, awarding damages in the amount of $2,206,153.81 plus interest at the lawful rate of ten percent (10%) per annum; and

   D. On all Counts, costs and such other and further relief as this Court deems just and proper.

Dated: November 1, 2010        FISH & RICHARDSON P.C.

By: _/s/ Ann Cathcart Chaplin_
Ann N. Cathcart Chaplin (#284865)
cathcartchaplin@fr.com
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

OF COUNSEL:

BROWN & WHALEN, P.C
Rodney A. Brown
info@brownwhalen.com
711 Third Avenue, 20th Floor
New York, NY 10017
Telephone: (212) 421-1845
Facsimile: (212) 421-8418

Attorneys for Plaintiff Fish & Richardson P.C.