# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| FISH & RICHARDSON P.C., | Civil No. 10-4436 (JRT/JJG) |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO VACATE DEFAULT JUDGMENT** |
| CAMTEK, LTD., | |
| Defendant. | |

Ann N. Cathcart Chaplin, **FISH & RICHARDSON PC**, 60 South Sixth Street, Suite 3200, Minneapolis, MN 55402; and Rodney A. Brown, **BROWN & WHALEN, PC**, 260 Madison Avenue, 17th Floor, New York, NY 10016, for plaintiff.

William F. Mohrman and James R. Magnuson, **MOHRMAN & KAARDAL, PA**, 33 South Sixth Street, Suite 4100, Minneapolis, MN 55402, for defendant.

Plaintiff Fish & Richardson P.C. ("F&R") represented defendant Camtek, Ltd. ("Camtek") in a patent infringement action before this Court, *August Techs., Inc. v. Camtek, Ltd.*, No. 05-cv-1396 (D. Minn.) ("the *August Techs* Action"). Over the course of several years of litigation, including a jury trial and post-trial work, F&R billed Camtek over $7 million in attorney fees. F&R subsequently filed this action against Camtek to recover approximately $2.5 million in unpaid attorney fees and related interest and costs it alleges Camtek owes. The Court entered a default judgment in F&R's favor when Camtek failed to respond to the Complaint allegedly served on its agent in Israel, where Camtek is based. Camtek now moves the Court to vacate the default judgment.

Because there is substantial evidence that Camtek was never properly served with the complaint, the Court grants Camtek's motion and vacates the default judgment.

## BACKGROUND

Defendant Camtek is an Israeli corporation that manufactures, among other things, automated optical inspection equipment sold under the trade name "Falcon." (Decl. of Mira Rosenzweig, Apr. 7, 2011, ¶ 2, Docket No. 20.) In 2005, August Technologies, Inc. ("August") initiated the *AugustTechs* Action against Camtek alleging that Camtek's Falcon product infringed a patent owned by August. (*Id.* ¶ 3.) August served the complaint on Michael Lev, Camtek's then Marketing Manager and Intellectual Property Director and its current Vice President, at Camtek's corporate office. (*Id.*; Decl. of James R. Magnuson, Apr. 7, 2011, Ex. 2, Docket No. 18.) F&R represented Camtek in the *August Techs* Action from approximately September 2005 through September 2009. (Rosenzweig Decl. ¶ 5.) Following a jury verdict in March 2009 in favor of August, the Court entered judgment against Camtek, including $6,782,490 in damages and an injunction prohibiting Camtek from selling the Falcon product. (Magnuson Decl., Ex. 3.) Camtek retained new counsel to represent it in the *August Techs* Action on appeal. (Rosenzweig Decl. ¶ 6.)

After dismissing F&R as counsel, Camtek refused to pay F&R's legal bills. (*Id.*) According to F&R, it received Camtek's last payment on March 5, 2009, the same day the verdict was rendered in the *August Techs* Action. In total, Camtek paid F&R approximately $4,800,000 in attorney fees. (*Id.* ¶ 5.) Beginning around June 2010, F&R

and its counsel discussed the resolution of this dispute regarding attorney fees with representatives of Shiboleth LLP ("Shiboleth"), Camtek's New York counsel. (Decl. of Rodney A. Brown, May 13, 2011, ¶ 4, Docket No. 27.)  On November 1, 2010, F&R filed suit to collect $2,206,153.81 in attorney fees, plus interest and costs, it argues Camtek knowingly and voluntarily incurred. (Compl., Docket No. 1.)  On November 2, 2010, F&R informed Shiboleth via email that it had filed the Summons and Complaint in this action, and requested that Shiboleth accept service of process as Camtek's counsel. (Brown Decl. ¶ 7; *id.*, Ex. A.)  A Shiboleth representative responded on November 23, 2010, that the firm was not authorized to accept service on Camtek's behalf. (*Id.*)

While awaiting Shiboleth's response, F&R filed a Request for the Court to Issue a Request for Service of Process on Camtek, Ltd. Pursuant to the Hague Convention. (Docket No. 5.)  On December 6, 2010, the Court executed a Request for Service Abroad of Judicial or Extrajudicial Documents.  (Docket No. 7.)  F&R's Israeli counsel forwarded the Summons and Complaint to the Israeli Central Authority for service of process. (Aff. of David Colb, May 12, 2011, ¶ 5, Docket No. 29.)  F&R filed proof of service of process on February 11, 2011.  (Docket No. 8.)  When Camtek failed to respond to the lawsuit, F&R moved for a default judgment, which was entered on March 24, 2011 for $2,507,181.18, the amount of attorney fees claimed by F&R along with applicable interest and costs. (Docket No. 14.)

Camtek moves to vacate the default judgment.  It argues that the service of process was inadequate, voiding the judgment.  According to Camtek, it did not learn that the lawsuit had been filed until after default was entered, when its attorney performed a

routine review of the federal court docket for pending litigation related to Camtek. Camtek also argues, in the alternative, that even assuming service was proper, the Court should vacate the default judgment on the ground of excusable neglect.

## ANALYSIS

Under Federal Rule of Procedure 60(b)(4), the Court may relieve a party from a default judgment if "the judgment is void . . . ."  Insufficient service is a proper basis for voiding a judgment, since it deprives a court of proper jurisdiction.  *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 829 (8th Cir. 1993) ("If a defendant is improperly served, a federal court lacks jurisdiction over the defendant."); *see also In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("[I]nsufficient service of process under Rule 60(b)(4) implicates personal jurisdiction and due process concerns. Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void.").

Camtek has proffered compelling evidence that it was never properly served with F&R's Summons and Complaint.  Specifically, Camtek cites numerous irregularities related to the Certificate of Service filed with the Court.  According to Mira Rosenzweig, Camtek's Chief Financial Officer, the address listed in the Request for Service Abroad of Judicial or Extrajudicial Documents is incorrect.  It specifies a building, the "9102 Building," with which Rosenzweig is unfamiliar, and lists two zip codes, neither of which cover Camtek's corporate headquarters.  (Rosenzweig Decl. ¶¶ 7-8.)  Rather, one of the zip codes is that applicable to a local post office in which Camtek holds a post office box.

(*Id.* ¶ 8.)  Moreover, the Certificate of Service does not identify the person who has been served with the Complaint except as a "family member" of Camtek and an "Authorized Signer."[1]  (*Id.* ¶ 10; Return of Service, Docket No. 8.)  After learning of the default judgment, Rosenzweig conducted an internal investigation in an attempt to identify any employee who might have accepted the Summons and Complaint.  Camtek asserts that as far as it knows, no Camtek employee was ever served with the Summons and Complaint and none accepted service of process.  (Rosenzweig Decl. ¶¶ 11-13.)

According to F&R, Camtek was properly served when its authorized representative signed for the receipt of the Summons and Complaint at the Migdal Haemak Post Office.  F&R points to the affidavit of a customer service clerk employed by the Israel Post who claims to remember handing the documents at issue to a Camtek representative named "Erez Ashkenazi" at the post office on January 6, 2011.  (Aff. of Mali Feldman, May 8, 2011, ¶¶ 1-3, Ex. 1, Docket No. 28.)  Camtek employs an individual named Erez Ashkenazy as a maintenance provider whose duties include picking up Camtek's mail from the Migdal Haemek Post Office.  (Decl. of Erez Ashkenazy, May 25, 2011, ¶¶ 1-2, Docket No. 33.)  However, Ashkenazy does not recall receiving the package including the Summons and Complaint, and asserts that the signature on the Certificate of Service is not his.  (*Id.* ¶¶ 3-4.)  Ashkenazy submitted examples of his signature that, in the Court's view, look entirely different than that of the

---

[1] In the translated English version of the Certificate submitted with the Hebrew version, the "identity and description of person" on whom the Summons and Complaint were allegedly served is left blank, and the "relationship to the addressee" is listed as "Authorized Signer." (Docket No. 8.)

"Authorized Signer" on the Certificate.  F&R asserts that Camtek's post office box is part of its headquarters for service of process purposes, but provides no citation, nor is the Court independently aware of any, in support of that proposition.  Camtek, by contrast, has proffered evidence that under Israeli law, service of process on a corporation is accomplished either by service on a director or manager of the corporation or by service on an employee at its registered office.  (Decl. of Lior Aviram, Apr. 7, 2011, ¶ 3, Docket No. 19.)  Accordingly, even if Ashkenazy had signed for the Summons and Complaint, service would still have been improper under Israeli law.[2]  Notably, in the *August Techs* Action, August successfully served its Summons and Complaint at Camtek's corporate offices on an officer of Camtek authorized to accept service.

It is true, as F&R argues, that Camtek's assertion that it did not know that F&R attempted service until after the default was entered is undermined by communication between the parties' counsel prior to and following the filing of the lawsuit.  F&R suggests that Camtek purposefully directed its representative, Ashkenazy, to sign for the Summons and Complaint in a manner enabling it to argue improper service.  It seems highly unlikely, however, that a corporation would instruct its maintenance provider to falsify his signature and risk a $2.5 million default judgment only for the opportunity to vacate the judgment and restore itself to the same position it would have been in had it

---

[2] The Hague Convention, which governed service of process in this case, provides that service be accomplished in accordance with the laws of the state in which service occurred.  *See* Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, art. 5, Nov. 15, 1965, 20 U.S.T. 361; *see also* Fed. R. Civ. P. 4(f)(1) (service on an individual outside the United States may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention . . . .").  A deficiency in service under Israeli law therefore suggests improper service for purposes of Rules 4 and 60.

simply accepted service initially.  In any event, a default judgment must be vacated where service of process was improper, and Camtek's assertion that it was not properly served is amply supported by record evidence.  Courts resolve doubts regarding whether service was proper in favor of the party seeking to vacate a default judgment.  *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) ("[I]n ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits.").

Accordingly, the Court grants Camtek's motion to vacate the default judgment. Because improper service voids the default judgment, it is unnecessary for the Court to consider Camtek's alternative argument of excusable neglect.

## ORDER

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Camtek's Motion to Vacate Default Judgment [Docket No. 15] is **GRANTED**.

2.     The Clerk's Order dated March 24, 2011, entering judgment by default [Docket No. 14] is **VACATED**.

3.     The Clerk of Court is **DIRECTED** to re-open this case.

DATED: August 17, 2011                    _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                 United States District Judge